UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

NIGEL GROVES,

        Plaintiff,

    v.                                      Case No. 19-C-1453

AMERICAN FAMILY MUTUAL
INSURANCE COMPANY SI,

        Defendant.

**ORDER GRANTING MOTION TO BIFURCATE AND STAY**

This diversity action arises out of a dispute between the Plaintiff Nigel Groves and his insurer, Defendant American Family Mutual Insurance Company S.I. American Family partially denied Plaintiff's claimed loss allegedly caused to Plaintiff's summer cabin following a winter weather event. Plaintiff filed a complaint alleging claims of breach of contract and bad faith. The complaint also seeks prejudgment interest and alleges that American Family improperly cancelled the policy in violation of Wisconsin law. The court tentatively stayed discovery on the bad faith claim at the Rule 16 telephone scheduling conference. Dkt. No. 13. American Family subsequently filed a motion to bifurcate the action and stay discovery on the bad faith claim (Dkt. No. 15), which the court will grant for the reasons that follow.

Under Fed. R. Civ. P. 42(b), the court has the discretion to bifurcate issues or claims "[f]or convenience, to avoid prejudice, or to expedite and economize." Bifurcation is appropriate when it: (1) avoids prejudice to a party or serves the interests of judicial economy; (2) does not unfairly prejudice the non-moving party; and (3) does not violate the Seventh Amendment. *See Houseman v. U.S. Aviation Underwriters*, 171 F.3d 1117, 1121 (7th Cir. 1999).

American Family argues that the stay and bifurcation is necessary to avoid potentially intrusive and unnecessary discovery on the bad faith claim that would prejudice American Family and is irrelevant to Plaintiff's breach of contract claim. Further, as breach of contract is a prerequisite for bad faith, American Family argues that bifurcating the claims would be an efficient path, conserving judicial resources until and unless an actual breach of contract is established.

While federal civil procedure does not depend on the state law that governs Plaintiff's claims, this court has previously noted that bifurcation is ordinarily appropriate in actions involving insurance coverage and bad faith claims arising under Wisconsin law. *See Ratajczak v. Beazley Sols. Ltd.*, No. 13-C-045, 2014 WL 3057158, at *5 (E.D. Wis. July 7, 2014). In Wisconsin, a claim for bad faith is an intentional tort, separate from a claim that an insurer breached its contract with a claimant. *Anderson v. Cont'l Ins. Co.*, 85 Wis. 2d 675, 691, 271 N.W.2d 368 (1978). Breach of contract is a "fundamental prerequisite" to proving a bad faith claim. *Brethorst v. Allstate Prop. & Cas. Ins. Co.*, 2011 WI 41, ¶ 5, 334 Wis. 2d 23, 798 N.W.2d 467. In other words, Plaintiff cannot show American Family acted in bad faith if it properly addressed his claim. Indeed, even if an insurer is found liable for the claim under the policy, a claim for bad faith requires, in addition, proof that the insurer's failure to pay earlier was without a reasonable basis and the insurer's knowledge or reckless disregard of the absence of a reasonable basis for denying the claim. *Anderson*, 85 Wis. 2d at 691.

As Plaintiff's claims are distinct and proceeding with discovery on the bad faith and breach of contract claims simultaneously may cause prejudice, I find that maintaining the stay on discovery and bifurcating the claims is appropriate under these circumstances. Plaintiff opposes this motion, but instead of filing a brief in opposition, filed a motion for partial summary judgment

2

on the breach of contract claim.  The court will address Plaintiff's motion for partial summary judgment on the breach of contract claim in a separate decision.  Granting American Family's motion at this time will cause no harm to Plaintiff.  Whether American Family breached the terms of its policy is separate and distinct from the question whether American Family acted reasonably or with an improper motivation.  When and if Plaintiff proves American Family breached its contract, Plaintiff will have the opportunity to complete discovery and pursue his bad faith claim.  If it turns out American Family's denial of Plaintiff's claim was correct or at least not unreasonable, Plaintiff's bad faith claim fails as a matter of law, sparing both parties and the court the time and expense of discovery and litigation over immaterial issues.

For the foregoing reasons, the motion for stay and bifurcation (Dkt. No. 15) is **GRANTED**.  Plaintiff's breach of contract claim will be bifurcated from his bad faith and prejudgment interest claims.  Discovery relating to the bad faith claim is stayed until the breach of contract claim is decided.

**SO ORDERED** at Green Bay, Wisconsin this 24th day of March, 2020.

s/ William C. Griesbach<br>
William C. Griesbach, District Judge<br>
United States District Court