UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

NIGEL GROVES,

      Plaintiff,

   v.                                Case No. 19-C-1453

AMERICAN FAMILY MUTUAL
INSURANCE COMPANY, S.I.,

      Defendant.

---

## DECISION AND ORDER ON PLAINTIFF'S
## MOTION FOR PARTIAL SUMMARY JUDGMENT

---

Plaintiff Nigel Groves, an Illinois resident, brought this action against his insurer, Defendant American Family Mutual Insurance Company, S.I., a domestic insurance company with its principal place of business in Wisconsin, after American Family partially denied Plaintiff's claimed loss allegedly caused to Plaintiff's summer cabin following a winter weather event. Plaintiff asserts claims of breach of contract and bad faith against American Family. The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332. This matter comes before the court on Plaintiff's motion for partial summary judgment on Plaintiff's breach of contract claim.

## BACKGROUND

Plaintiff claims that on or about March 15, 2019, a winter weather event caused a roof collapse to his summer cabin and that he was unaware of the damage until about May 29, 2019, when his realtor discovered the collapse and reported it to Plaintiff. By that time, the cabin had become infested with mold and additional interior damage had occurred as a result of its exposure to the elements. Plaintiff subsequently made a claim under the insurance policy, and American

Family sent an adjuster to the cabin to evaluate the loss. *Id.* ¶¶ 8–9. American Family paid for the structural damage to the cabin but denied coverage for additional damages that occurred after the collapse. By letter dated June 20, 2019, American Family advised Plaintiff that the additional damage was not covered by virtue of a policy exclusion that applied to damages caused by "[n]eglect of any insured to use all reasonable means to protect covered property at and after the time of loss." American Family also claimed that the additional damages would not be covered because Plaintiff had failed to take reasonable steps to protect the property from further damage, as the Policy required.

## SUMMARY JUDGMENT

Summary judgment should be granted when the moving party shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Rule 56 sets out the procedures for supporting the factual positions of the parties:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 54(c)(1). Only evidence that would be admissible in court can support a motion for summary judgment. Thus, "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated," Fed. R. Civ. P. 56(c)(4),

2

Case 1:19-cv-01453-WCG   Filed 07/08/20   Page 2 of 3   Document 30

and "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2).

## ANALYSIS

Plaintiff has failed to properly support his motion for summary judgment. The affidavit submitted in support of his motion fails to set out facts that would be admissible in evidence. There is no affidavit or sworn declaration by Plaintiff setting out the facts concerning how and when he came to know of the loss and what steps he took to protect the property at or after the time of the loss. In fact, as Defendant notes, the motion is supported by no admissible evidence that Plaintiff even owns the property in question. Instead, the motion is supported by an affidavit by Plaintiff's attorney purportedly authenticating the insurance policy at issue (which American Family does not dispute), American Family's letter explaining its partial denial of Plaintiff's claim, and the May 29, 2019 email from a realtor describing his observations of the damage with attached photographs. None of this evidence is admissible, and thus fails to support Plaintiff's motion for summary judgment.

When a party fails to properly support a material fact on a motion for summary judgment, the court may give the party an opportunity to properly support that fact. Fed. R. Civ. P. 56(e)(1). That would seem the appropriate step to take here, since it appears Plaintiff will be able to provide the evidentiary support his motion requires. Accordingly, Plaintiff will be allowed until July 24, 2020, to properly support the material facts upon which his motion rests. Failure to do so will result in its summary denial.

**SO ORDERED** at Green Bay, Wisconsin this 8th day of July, 2020.

s/ William C. Griesbach  
William C. Griesbach  
United States District Judge